[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13242
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00254-SCB-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAMORCUS BRANDAN NESBITT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 30, 2016)

Before ED CARNES, Chief Judge, JORDAN, and JULIE CARNES, Circuit
Judges.

PER CURIAM:

Police arrested Shamorcus Nesbitt in connection with the robbery of a Tampa-area Little Caesar's. A federal grand jury indicted him for several crimes, including brandishing a firearm while committing a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A)(ii). Nesbitt does not dispute that he robbed the Little Caesar's, or that he carried a gun while doing so. He argues only that the government did not introduce evidence at trial from which the jury could reasonably have found that he brandished a firearm during the robbery. The testimony of Fandel Mulkey, who was managing the Little Caesar's when the robbery occurred, fatally undermines that argument.

At Nesbitt's trial, Mulkey testified that two masked men — one wearing a red hoodie — broke into the restaurant shortly after it had closed for the night; that the man in the red hoodie approached Mulkey and demanded that he turn over the contents of the store's safes; and that the man in the red hoodie held a gun in his left hand during the robbery. Other evidence from the trial showed that Nesbitt was the man in the red hoodie.

Nesbitt contends that Mulkey's testimony was insufficient to establish that Nesbitt "brandished" the gun during the robbery because Mulkey never testified that Nesbitt waved, swung, or flaunted the gun, or that he pointed the gun at Mulkey. To brandish a firearm within the meaning of § 924, however, a person need not wave, swing, flaunt, or point the firearm; he need only "display all or part

2

of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person." Id. § 924(c)(4).

We must affirm a conviction if "the evidence, construed in the light most favorable to the government, would permit the trier of fact to find the defendant guilty beyond a reasonable doubt." United States v. Farley, 607 F.3d 1294, 1333 (11th Cir. 2010). The jury could reasonably have credited Mulkey's testimony and concluded from it, beyond a reasonable doubt, that Nesbitt "display[ed] all or part of the firearm" during the robbery "in order to intimidate" Mulkey. Accordingly, Nesbitt's conviction is **AFFIRMED**.